UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LEWIS GREGORY MILLER
AND KARLA MILLER

CIVIL ACTION

VERSUS

NO. 11-615-JJB

HENRY FAVRE ET AL

**RULING ON PLAINTIFF'S APPEAL OF THE MAGISTRATE JUDGE'S RULING**

Plaintiffs Lewis Gregory Miller and Karla Miller have taken appeal (Doc. 30) from Magistrate Judge Riedlinger's order. (Doc. 29). In Magistrate Judge Riedlinger's order, he found that the plaintiffs did not demonstrate a compelling need for production of privileged documents or for an *in camera* inspection by the Court and denied the plaintiffs' motion to compel discovery. (Doc. 29). This motion is unopposed. Oral argument is not necessary. Jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons herein, the Court AFFIRMS the order by Magistrate Judge Riedlinger dated October 22, 2012. (Doc. 29).

I.

This action arises from an automobile accident between plaintiff Lewis Miller and defendant Henry Favre. In September of 2011, Plaintiffs filed a claim against their underinsured/uninsured motor insurance carrier, Defendant 21st Century, demonstrating the Plaintiffs' damages. (Doc. 17). Defendant remitted a check for $2,000.00, the medical payment limit, in January of 2012. Plaintiffs claim that this payment was untimely and did not "negate Defendant's bad faith

1

adjusting practices." (Doc. 17 at 3). Plaintiffs are seeking damages pursuant to La. R.S. 22:1973 and La. R.S. 22:1892, which allow a plaintiff to recover damages and penalties from an insurer when the insurer breaches its duty to act in good faith and to adjust claims timely.

On January 31, 2012, Plaintiffs propounded requests for production of documents on Defendant. The first request asked for a privilege log if applicable. (Doc. 23-3). Defendant submitted their responses, but did not provide a privilege log. After receiving Defendant's responses, Plaintiffs requested that Defendant submit a privilege log, which Defendant later provided.

Plaintiffs then filed a motion to compel, asking the Court to deem the documents in the privilege log discoverable. (Doc. 23). In their motion, Plaintiffs indicated that the Defendant could redact the amount of its reserves and correspondence to and from its attorney. Alternatively, Plaintiffs requested that the court conduct an *in camera* inspection of the documents. Plaintiffs argued that these documents were necessary because the documents might contain information that would support their bad faith claims.

In its opposition, Defendant argued that Plaintiffs had not provided any legitimate reasons to order the documents produced or to conduct an *in camera* inspection. (Doc. 24). Pursuant to the Federal Rules of Civil Procedure, privileged documents are not discoverable unless the party requesting them has shown that it has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other

means." Fed. R. Civ. P. 26(b)(3)(ii). Defendant argued that Plaintiffs had not shown why these documents should be discoverable as required by the Federal Rules.

Plaintiffs filed a supplemental and reply memorandum to Defendant's opposition. (Doc. 25). In their memorandum, Plaintiffs argued that without knowing more information about the documents, Plaintiffs cannot reasonably oppose Defendant's objections. Although Plaintiffs maintained that they have shown valid reasons for the requested documents, Plaintiffs argued that in order to show that the insurer's actions were arbitrary, capricious, or without probable cause, as required by statute, Plaintiffs must be permitted to discover the full extent of Defendant's actions, including the Defendant's state of mind, business policies, and strategies. Plaintiffs also argued that the extent of Defendant's bad faith, arbitrary and capricious conduct is not likely to be known solely by depositions, and the nature and content of the privileged documents would not likely be disclosed in depositions. Therefore, Plaintiffs asserted, valid reasons exist for the production of these privileged documents.

In Magistrate Judge Riedlinger's order, he found that the Plaintiffs failed to demonstrate a compelling need for either production or an *in camera* inspection and denied the Plaintiffs' Motion. (Doc. 29). Moreover, he found that Defendant has demonstrated that these documents were prepared in anticipation of litigation and Plaintiffs' have not argued sufficient reasons to outweigh the "high degree of protection afforded to an attorney's mental impressions, opinions and

legal theories." (Doc. 29 at 3). Magistrate Judge Riedlinger stated that a bad faith claim cannot justify unlimited access to Defendant's claim file, and cited the Eastern District of Louisiana's reasoning in *Dixie Mill Supply Co., Inc. v. Continental Casualty Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996). In *Dixie Mill*, the court found that the "reasonableness of the insurers' actions in a bad faith case can be proved by objective facts, which are not shielded from discovery and do not *necessarily* require the introduction of privileged communications at trial." *Id.* (italics in original) (citations omitted).

Magistrate Judge Riedlinger concluded that even though the privileged documents may contain some factual information, Plaintiffs have failed to show that this information had not already been produced. If Plaintiffs need further information as to why their claims were denied, the Plaintiffs are entitled to depose the Defendant's claims adjuster or the Defendant.

II.

Plaintiffs have taken appeal from Magistrate Judge Riedlinger's order, arguing that the order was erroneous. (Doc. 30). Plaintiffs first recite the elements of a bad faith insurance claim, and argue materials prepared in anticipation of litigation may be produced. Plaintiffs then point to a United States Court of Appeals for the Ninth Circuit opinion, in which the Ninth Circuit found that in a bad faith insurance claim action, "[u]nless the information is available elsewhere, a plaintiff may be able to establish a compelling need for evidence in the insurer's claim file regarding the insurer's opinion of the viability and value of

4

the claim." *Holmgren v. State Farm Mutual Automobile Insurance Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

Plaintiffs then argue that they should be able to obtain the adjuster's notes and opinions "to the viability and value of the claim both prior to and after the bad faith claim arose." (Doc. 30 at 15). Plaintiffs assert that the tier of fact must decide how egregious Defendant's actions were in a bad faith claim, and presumably, notes and opinions will shed light on this issue. Moreover, Plaintiffs argue that depositions would not determine whether a real privilege exists because Defendant would object at the deposition to any question concerning the "true content of these records." (*Id.* at 16). Finally, Plaintiffs assert that without knowing what the contents of the privileged documents are, it is impossible to determine whether Plaintiffs have already received this information.

III.

A magistrate judge's pretrial order is reviewable under a "clearly erroneous and contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). "Although a court is afforded broad discretion when deciding discovery matters, the court abuses its discretion when its decision is based on an erroneous view of the law." *Crosby v. Louisiana Health Service and Indemnity Co.*, 647 F.2d 258, 261 (5th Cir. 2011) (citations omitted). After carefully reviewing this matter, the Court finds no error of law or abuse of discretion and Plaintiffs have not cited any legal authority showing that the Magistrate Judge's order was clearly erroneous and contrary to law.

Accordingly, Magistrate Judge Riedlinger's Order is AFFIRMED. (Doc. 29).

Signed in Baton Rouge, Louisiana on December 13th, 2012.

_____

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**